UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

C.J.M., a minor, by and through his
father, natural guardian and next friend
V.M..,
    Plaintiff,

v.

CARNIVAL CORPORATION,
A Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, C.J.M., a minor proceeding by and through his father, natural guardian, and next friend V.M.[1], both of whom are both residents and citizens of Ontario, Canada, sue Defendant CARNIVAL CORPORATION, a Panamanian Corporation, with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES ("CARNIVAL") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. The minor Plaintiff C.J.M. is a permanent resident of Ontario, Canada. He is proceeding in this case through his father, natural guardian, and next friend V.M., also a citizen and resident of Ontario, Canada. He has been a minor at all material times from the date of injury alleged in Paragraph 19 below through the date of filing of this action.

---

[1] The Plaintiffs are proceeding through the use of their initials as pseudonyms, specifically "C.J.M." and "V.M.," due to C.J.M.'s status as a minor. The Defendant knows the full names of the minor Plaintiff and his father through presuit communications as referenced below.

C.J.M. etc.   v. CARNIVAL, etc.
CASE NO.

3. Plaintiff V.M. is sui juris and is a permanent resident of Ontario, Canada. He is bringing this action on behalf of minor C.J.M. and as the father, natural guardian, and next friend of C.J.M.

4. Defendant CARNIVAL is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida.

5. This court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 as the causes of action asserted are maritime torts occurring on navigable waters and implicating traditional maritime activity, specifically the operation of a passenger cruise vessel.

6. The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

7. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

8. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiffs.

9. The ticket contract between the parties, which was drafted by or on behalf of CARNIVAL without any negotiations with the Plaintiffs, required all fare paying passengers to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Furthermore, CARNIVAL does business in this judicial district and has its principal place of business in this district. Venue is therefore proper in this Court.

C.J.M. etc.   v. CARNIVAL, etc.
CASE NO.

10. Venue is also proper in this district because RCL's principal place of business is located within this district.

11. Plaintiff has complied with all conditions precedent to bringing this action. As required by the ticket contract, the Plaintiff, on May 30, 2019, within six months after the date of injury referenced below, sent Defendant CARNIVAL by mail a written notice of the claim, a copy of which is attached as Exhibit 1.

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

12. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "HORIZON."

13. At all material times, Defendant CARNIVAL operated, managed, maintained and was in exclusive control of the "HORIZON."

14. At all material times, including the injury date of October 22, 2019, V.M. and C.J.M. were fare paying passengers aboard the "HORIZON" and in that capacity were lawfully present aboard the vessel.

15. At all material times, including the injury date of May 19, 2019, there existed a dangerous condition on the "HORIZON." Specifically, the staircase leading from Deck 11 down to Deck 10 of the vessel, in front of the La Cucina del Capitano onboard restaurant, was in a condition dangerous to passengers using it due to a worn or protruding nosing, improper spacing and dimensions of risers or otherwise, thereby creating a tripping hazard for passengers using the staircase.

C.J.M. etc.   v. CARNIVAL, etc.
CASE NO.

16. At all material times, the staircase referenced in the preceding paragraph was in a high traffic area due to its frequent use by passengers entering and leaving the restaurant described in the preceding paragraph.

17. At all material times, including the injury date of May 19, 2019, CARNIVAL had actual or constructive notice of the dangerous condition of the staircase referenced in Paragraph 15 above. Defendant's notice came from inspections of the area by its crewmembers, prior tripping incidents on the staircase, and the existence of the condition for a sufficient period of time to invite corrective measures.

18. Further, a number of safety agencies such as ASTM International and the American National Standards Institute (ANSI) have developed safety standards applicable to the stairs and staircase in question, such as requirements for the installation and maintenance of nosings and strips thereon. The standards in and of themselves constitute additional constructive notice that conditions in violation of the standards are hazardous

19. On May 19, 2019, while lawfully present as a fare paying passenger on board the "HORIZON," C.J.M. was descending the staircase referenced in Paragraph 15 above when he tripped due to the dangerous condition of the staircase referenced in Paragraph 15, fell, and sustained injuries including a left arm fracture.

20. As a direct and proximate result of the trip and fall described in the preceding paragraph, C.J.M. was injured in and about his body and extremities, sustaining injuries including a fractured left arm, suffered pain and mental anguish therefrom and sustained disfigurement, disability and the inability to lead a normal life. Furthermore, he, or V.M. on his behalf, incurred medical, hospital, and other out of pocket and health care expenses in the past

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.J.M. etc.   v. CARNIVAL, etc.
CASE NO.

and future as a result of his injuries and sustained aggravation or activation of preexisting injuries and conditions, the future medical expenses being reasonably certain to occur. C.J.M. has also sustained a loss of capacity to earn money in the future. These damages are permanent or continuing in their nature and C.J.M. will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

21.	The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 20 above and further alleges the following matters.

22.	At all material times Defendant RCL owed C.J.M., as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to maintain the onboard stairs and staircase referenced in Paragraph 15 in a reasonably safe condition for passenger use.

23.	At all material times there existed hazardous conditions on the staircase referenced in Paragraph 15, as described in Paragraph 15.

24.	At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons set forth in Paragraphs 16 through 18 above.

25.	Notwithstanding its actual or constructive knowledge of the dangerous condition of the staircase referenced in Paragraph 15, Defendant CARNIVAL failed to correct the hazardous condition before the Plaintiff tripped and fell as alleged in Paragraph 19 above.

26.	The specific material negligent acts and omissions by CARNIVAL included failure to conduct sufficient routine inspections of the staircase in question, failure to maintain

C.J.M. etc.   v. CARNIVAL, etc.
CASE NO.

the staircase, and failure to cordon off the dangerous area or direct passenger foot traffic away from it.  CARNIVAL was thereby negligent in its maintenance of the stairs and staircase.

27.     As a direct and proximate result of the negligence of CARNIVAL described above, the minor Plaintiff C.J.M. tripped and fell as described in Paragraph 19 above and thereby has sustained and will continue to sustain the damages described in Paragraph 20 above.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

28.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 20 above and further alleges the following matters.

29.     At all material times Defendant CARNIVAL owed the minor Plaintiff C.J.M., as a fare paying passenger lawfully on board its vessel a duty of reasonable care for her safety, including a duty to warn her of onboard conditions posing tripping hazards, such as the stairs and staircase referenced in Paragraph 15.

30.     At all material times there existed hazardous conditions on the staircase referenced in Paragraph 15, as described in Paragraph 15.

31.     At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 15 above, for the reasons set forth in Paragraphs 16 through 18 above.

32.     Notwithstanding its actual or constructive knowledge of the dangerous condition of the staircase referenced in Paragraph 15, Defendant CARNIVAL failed to warn passengers

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.J.M. etc.   v. CARNIVAL, etc.
CASE NO.

including C.J.M. and V.M. of it, before C.J.M. tripped and fell as alleged in Paragraph 19 above, through the use of appropriate signage or markings, oral or written warnings, cordoning off the dangerous area, or otherwise.  CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers and was negligent.

33.    As a direct and proximate result of the negligence of CARNIVAL described above, the minor Plaintiff C.J.M. tripped and fell as described in Paragraph 19 above and thereby has sustained and will continue to sustain the damages described in Paragraph 20 above.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 16th day of May, 2022.

*s/Nicholas I. Gerson*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749
*Attorneys for Plaintiff*